**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MICHAEL FOREST, ) |  |
| ) |  |
| Plaintiff, ) |  |
| ) | Case No. _____ |
| v. ) |  |
| ) | JURY TRIAL DEMANDED |
| ENABLE MIDSTREAM PARTNERS, LP, ) |  |
| LUKE R. CORBETT, ROBERT G. GWIN, ) |  |
| ALAN N. HARRIS, RONNIE K. IRANI, ) |  |
| PETER H. KIND, RODNEY J. SAILOR, ) |  |
| SEAN TRAUSCHKE, R.A. WALKER, ) |  |
| ENERGY TRANSFER LP, ELK MERGER ) |  |
| SUB LLC, ELK GP MERGER SUB LLC, ) |  |
| ENABLE GP, LLC, LE GP, LLC, and ) |  |
| CENTERPOINT ENERGY, INC., ) |  |
| ) |  |
| Defendants. ) |  |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. On February 16, 2021, Enable Midstream Partners, LP's ("Enable Midstream" or the "Partnership") Board of Directors (the "Board" or "Individual Defendants") caused the Partnership to enter into an agreement and plan of merger with Energy Transfer LP ("Energy Transfer"), Elk Merger Sub LLC ("LP Merger Sub"), Elk GP Merger Sub, LLC ("GP Merger Sub," and together with LP Merger Sub, the "Merger Subs"), Enable GP, LLC (the "General Partner"), LE GP, LLC ("ET GP"), and CenterPoint Energy, Inc. ("CenterPoint").  CenterPoint and OGE Energy Corp. ("OGE Energy") collectively own approximately 79% of the outstanding common units of Enable Midstream.

2.      Pursuant to the terms of the Merger Agreement, among other things: (i) LP Merger Sub will merge with and into Enable Midstream, with Enable Midstream surviving as a wholly-owned subsidiary of Energy Transfer; and (ii) Enable Midstream's unitholders will receive 0.8595 common units of Energy Transfer for each unit of Enable Midstream they own (the "Proposed Transaction").

3.      On March 19, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Enable Midstream common units.

9.      Defendant Enable Midstream is a Delaware limited partnership and a party to the Merger Agreement.   Enable Midstream's common units are traded on the New York Stock Exchange, which is headquartered in New York, New York, under the ticker symbol "ENBL."

10.      Defendant Luke R. Corbett ("Corbett") is a director of the Partnership.   Corbett is a director of OGE Energy.

11.      Defendant Robert G. Gwin is a director of the Partnership.

12.      Defendant Alan N. Harris is a director of the Partnership.

13.      Defendant Ronnie K. Irani is a director of the Partnership.

14.      Defendant Peter H. Kind is a director of the Partnership.

15.      Defendant Rodney J. Sailor is President, Chief Executive Officer, and a director of the Partnership.

16.      Defendant Sean Trauschke ("Trauschke") is a director of the Partnership. Trauschke is Chairman, President, and Chief Executive Officer of OGE Energy.

17.      Defendant R.A. Walker is a director of the Partnership.

18.      The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19.      Defendant Energy Transfer is a Delaware limited partnership and a party to the Merger Agreement.

20.      Defendant LP Merger Sub is a Delaware liability company, a wholly-owned subsidiary of Energy Transfer, and a party to the Merger Agreement.

21.     Defendant GP Merger Sub is a Delaware limited liability company, a wholly-owned subsidiary of Energy Transfer, and a party to the Merger Agreement.

22.     Defendant General Partner is a Delaware limited liability company, the sole general partner of Enable Midstream, and a party to the Merger Agreement.

23.     Defendant LE GP is a Delaware limited liability company, the sole general partner of Energy Transfer, and a party to the Merger Agreement.

24.     Defendant CenterPoint is a Texas corporation and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

### Background of the Partnership and the Proposed Transaction

25.     Enable Midstream owns, operates, and develops strategically located natural gas and crude oil infrastructure assets.

26.     The Partnership's assets include approximately 14,000 miles of natural gas, crude oil, condensate and produced water gathering pipelines, approximately 2.6 Bcf/d of natural gas processing capacity, approximately 7,800 miles of interstate pipelines (including Southeast Supply Header, LLC of which Enable Midstream owns 50%), approximately 2,200 miles of intrastate pipelines, and seven natural gas storage facilities comprising 84.5 billion cubic feet of storage capacity.

27.     On February 16, 2021, the Board caused the Partnership to enter into the Merger Agreement.

28.     Pursuant to the terms of the Merger Agreement, among other things: (i) LP Merger Sub will merge with and into Enable Midstream, with Enable Midstream surviving as a wholly-owned subsidiary of Energy Transfer; and (ii) Enable Midstream's unitholders will receive 0.8595 common units of Energy Transfer for each unit of Enable Midstream they own.

29.    According to the press release announcing the Proposed Transaction:

Energy Transfer LP (NYSE: ET) ("ET" or "Energy Transfer") and Enable Midstream Partners, LP (NYSE: ENBL) ("Enable") today announced that they have entered into a definitive merger agreement whereby Energy Transfer will acquire Enable in an all-equity transaction valued at approximately $7.2 billion. Under the terms of the agreement, Enable common unitholders will receive 0.8595 ET common units for each Enable common unit, an exchange ratio that represents an at-the-market transaction, based on the 10-day volume-weighted average price of ET and Enable common units on February 12, 2021. In addition, each outstanding Enable Series A preferred unit will be exchanged for 0.0265 Series G preferred units of Energy Transfer. The transaction will include a $10 million cash payment for Enable's general partner. . . .

Timing and Conference Call Information

The transaction has been approved by the Board of Directors of ET and the Conflicts Committee and the Board of Directors of Enable. The two largest unitholders of Enable, OGE Energy Corp. ("OG&E") and CenterPoint Energy, Inc. ("CNP"), which also control the General Partner of Enable, have entered into support agreements, pursuant to which they have agreed to vote their Enable units in favor of the merger, upon effectiveness of the S-4 Registration Statement with the SEC. These two unitholders own approximately 79.2% of Enable's outstanding common units. The transaction is expected to close in mid-2021 and is subject to the satisfaction of customary closing conditions, including Hart Scott Rodino Act clearance. Upon closing, Enable unitholders are expected to own approximately 12 percent of Energy Transfer's outstanding common units. . . .

Advisors

Citi and RBC Capital Markets acted as financial advisors to Energy Transfer and Latham & Watkins LLP acted as legal counsel. Goldman Sachs & Co. LLC acted as financial advisor to Enable and Vinson & Elkins LLP acted as legal counsel. Intrepid Partners, LLC acted as financial advisor and Richards, Layton & Finger, PA acted as legal counsel to Enable's conflicts committee.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

30.    Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

31.    As set forth below, the Registration Statement omits material information.

32.     First, the Registration Statement omits material information regarding the Partnership's, Energy Transfer's, and the combined company's financial projections.

33.     With respect to the Enable Midstream's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate adjusted EBITDA, distributable cash flow, and unlevered free cash flow; (ii) projected net income; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

34.     With respect to the Energy Transfer's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate adjusted EBITDA and distributable cash flow; (ii) projected net income; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

35.     The Registration Statement fails to disclose the combined company's financial projections.

36.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

37.     Second, the Registration Statement omits material information regarding the analyses performed by the Partnership's financial advisors, Goldman Sachs & Co. LLC ("Goldman Sachs") and Intrepid Partners, LLC ("Intrepid").

38.     With respect to Goldman Sachs' Illustrative Unlevered Discounted Cash Flow Analysis – Enable, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates used in the analysis; (iii) the terminal values; (iv) the net debt and preferred equity used in the analysis; and (v) the total number of fully diluted outstanding Enable

common units.

39.     With respect to Goldman Sachs' Illustrative Present Value of Future Unit Price Analyses of the Company and the pro forma company, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates used in the analyses; (ii) Goldman Sachs' basis for applying the ranges of illustrative NTM EBITDA multiples used in the analyses; (iii) the net debt and preferred equity used in the analyses; and (iv) the total number of fully diluted outstanding common units used in the analyses.

40.     With respect to Intrepid's Comparable Company Trading Analyses of the Company and Energy Transfer, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analyses.

41.     With respect to Intrepid's Discounted Cash Flow Analyses of the Company and Energy Transfer, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates used in the analyses; (iii) the terminal values; (iv) the net debt used in the analyses; and (v) the fully diluted common units outstanding used in the analyses.

42.     With respect to Intrepid's Precedent Transactions Analysis, the Registration Statement fails to disclose: (i) the individual multiples and metrics for the transactions observed in the analysis; (ii) the closing dates of the transactions; and (iii) the total values of the transactions.

43.     With respect to Intrepid's Precedent Premiums Paid Analysis, the Registration Statement fails to disclose the premiums paid in the transactions.

44.     When a banker's endorsement of the fairness of a transaction is touted to unitholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

45.     Third, the Registration Statement omits material information regarding Goldman Sachs and Intrepid.

46.     The Registration Statement fails to disclose the amount of Goldman Sachs' and Intrepid's fees and the portions that are contingent upon the consummation of the Proposed Transaction.

47.     The omission of the above-referenced material information renders the Registration Statement false and misleading.

48.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Partnership's unitholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Enable Midstream**

49.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

50.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Enable Midstream is liable as the issuer of these statements.

51.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Partnership, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

52.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

53.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

54.     The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

55.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

56.     Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants, Energy Transfer,
### Merger Subs, the General Partner, LE GP, and CenterPoint

57.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

58.     The Individual Defendants, Energy Transfer, Merger Subs, the General Partner, LE GP, and CenterPoint acted as controlling persons of Enable Midstream within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of Midstream and participation in and/or awareness of the Partnership's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Partnership, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

59.     Each of the Individual Defendants, Energy Transfer, Merger Subs, the General Partner, LE GP, and CenterPoint was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

60.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Partnership, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

61.     Energy Transfer, Merger Subs, the General Partner, LE GP, and CenterPoint also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

62.     By virtue of the foregoing, the Individual Defendants, Energy Transfer, Merger Subs, the General Partner, LE GP, and CenterPoint violated Section 20(a) of the 1934 Act.

63.     As set forth above, the Individual Defendants, Energy Transfer, Merger Subs, the General Partner, LE GP, and CenterPoint had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  March 29, 2021                    **RIGRODSKY LAW, P.A.**

                              By:  */s/ Gina M. Serra*
                                   Seth D. Rigrodsky
                                   Timothy J. MacFall
                                   Gina M. Serra
                                   Vincent A. Licata
                                   825 East Gate Boulevard, Suite 300
                                   Garden City, NY 11530
                                   Telephone: (516) 683-3516
                                   Email: sdr@rl-legal.com
                                   Email: tjm@rl-legal.com
                                   Email: gms@rl-legal.com
                                   Email: vl@rl-legal.com

                                   *Attorneys for Plaintiff*